**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MIRANDA POLK,

       Plaintiff,

vs.                                   Case No. 3:20-cv-549-J-34JRK

GENERAL MOTORS LLC,

       Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

       On June 4, 2020, Defendant General Motors LLC filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing

that the Court has jurisdiction over this action. See generally Defendant's Notice of Removal (Doc. 1; Notice). General Motors LLC asserts that the Court has jurisdiction because "there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs." See id. ¶ 4. However, because Defendant has failed to adequately allege its own citizenship the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity. See id. Since General Motors LLC is a limited liability company, it must identify the citizenship of each of its members.

Here, General Motors LLC alleges that it is "one-hundred-percent owned" by General Motors Holdings, LLC, which in turn, is "one-hundred-percent owned" by General Motors Company, "a corporation organized under the laws of Delaware with its principal place of business in Michigan." See Complaint ¶ 9. However, these allegations regarding the ownership of General Motors LLC and General Motors Holdings, LLC "do not permit the court to conclude that plaintiff and defendant[] are diverse for purposes of subject matter jurisdiction," because it is membership, not ownership, that is critical for determining the citizenship of an LLC. See Traffas v. Biomet,Inc., No. 19-2115-DDC-JPO, 2020 WL

1467313, at *2 (D. Kan. Mar. 26, 2020) (collecting cases); see also AmGuard Ins. Co. v. Middleton, Civil Action No. 18-cv-0261, 2018 WL 3370568, at *1 (W.D. La. July 19, 2018) ("[I]t is membership that is critical for determining citizenship for diversity purposes, so allegations in this regard should be clear about what entities are actually members of others. Terms such as wholly-owned subsidiary leave room for doubt."); Ferrara v. Munro, No. 3:16-CV-950(CSH), 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) ("Plaintiffs have alleged that [individual] is the 'owner, operator, and alter ego' of [defendant LLC]. If that means that [individual] is the sole member of that limited liability company, Plaintiffs must specify that fact."). The Court acknowledges that the terms "owner" and "member" have sometimes been used synonymously with respect to limited liability companies. See, e.g., Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Nonetheless, these terms are not always interchangeable.[1] Indeed "[t]here are other ways, such as by using other entities, that an LLC could wholly own and control another LLC without actually being a member of it." See AmGuard Ins. Co., 2018 WL 3370568, at *1. As such, the Court is unable to presume that General Motors LLC's allegations regarding its ownership are intended to

---

[1] For example, under Delaware law, "one can have an ownership interest in a limited liability company without being a member." See Taylor v. Nationstar Mortg., LLC, No. 1:15-CV-4403-AT-LTW, 2016 WL 6662734, at *2 (N.D. Ga. July 29, 2016) rejected, in part, but adopted in pertinent part by 2016 WL 7131593, at *1 (N.D. Ga. Aug. 22, 2016); Del. Code Ann. tit. 6, § 18-704 (explaining the circumstances in which the assignee of a limited liability company interest can become a member); Del. Code Ann. tit. 6, § 18-702(b)(1) ("(b) Unless otherwise provided in a limited liability company agreement: (1) An assignment of a limited liability company interest does not entitle the assignee to become or to exercise any rights or powers of a member."); Del. Code. Ann. tit. 6, § 18-101(8) ("'Limited liability company interest' means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."); see also Busch v. Lee Enters., Inc., No. 09-780-GPM, 2009 WL 5126799, at *1 (S.D. Ill. Dec. 21, 2009) (finding citizenship allegations pertaining to a Delaware limited liability company were insufficient where plaintiffs alleged that defendant LLC was "entirely owned" by a corporation, and the citizenship of that corporation, but failed to allege whether the corporation was the sole member of the LLC).

establish its membership. Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

In light of the foregoing, the Court will give General Motors LLC an opportunity to provide the Court with additional information to establish its citizenship and this Court's diversity jurisdiction over the instant action. Accordingly, it is

**ORDERED**:

Defendant General Motors LLC shall have up to and including **June 26, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 5, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").